DECISION
This is an application for a preliminary injunction. The plaintiff asks the Court to bar the defendant from employment by an employer which competes with the plaintiff. An agreement by the defendant not to engage in such employment forms the basis of the plaintiff's claim that it is entitled to preliminary relief while its application for permanent relief is pending. Since the term of the agreement is for two years and it is unlikely that this matter will be reached for trial within two years, a grant of preliminary relief now will be tantamount to a grant of final relief so far as the defendant is concerned. The plaintiff also claims that unless preliminary relief is granted it will sustain immediate and irreparable harm, for which monetary compensation in damages is not available or adequate.
The defendant argues that the plaintiff is unlikely to succeed on the merits of its claim for several reasons. His principal argument is that the non-competition agreement is an unreasonable restraint of his right to employ his knowledge and talents in the market-place of free employment. As such, he says, it is unenforceable. It is unreasonable, he says, because the plaintiff has no legitimate interest which needs protection by the imposition of so drastic a measure as a limitation on his right to offer his labor to anyone who will hire him. He also contends that his employment by a competitor of the plaintiff has not been shown to threaten any injury to the plaintiff's business, but that granting the relief sought will cause him to become unemployed and unable to support himself and his family.
After extensive, albeit intermittent, hearings and a thorough consideration of the arguments of counsel, the Court finds that the following facts have been shown by the evidence. Some of these facts are undisputed. Others are findings which, though disputed, the Court is satisfied have been established by a fair preponderance of the credible evidence.
The defendant was hired by the plaintiff as a quality control technician on November 5, 1995. On November 6, 1995, his first day on the job, he signed an agreement, which contained the following language:
 "During the term of your employment with Narragansett Coated Paper Corporation, and for a period of two (2) years after termination of said employment due to your resignation, you agree that you shall not directly or indirectly enter into or engage in any business which competes with the businesses of Narragansett Coated Paper Corporation."
The defendant knew at the time of his hire that his execution of the agreement was a condition of his employment by the plaintiff. There is no contention that the defendant did not execute the agreement voluntarily or that his agreement was procured by duress, coercion or fraud.
The defendant resigned from his employment by the plaintiff on May 9, 1997. He began employment at REXAM/DSI on May 17, 1997. REXAM/DSI competes with the plaintiff in the coated paper business. His hire by REXAM/DSI was the result of his application for employment sometime in February 1997 and a favorable expression of interest by REXAM/DSI in March or April of that year, all the while the defendant was working for the plaintiff.
It is noteworthy that, before going to work for the plaintiff, the defendant had been employed by REXAM/DSI, and a predecessor, Specialty Coatings International Inc., since May 17, 1993. In effect, the defendant's employment in 1997 was a rehire after some 18 months in the plaintiff's employ.
The non-competition agreement, which the defendant signed on November 6, 1995 and which he breached on May 17, 1997, is designed, according to its terms, to prevent disclosure of "information and knowledge respecting the intimate and confidential affairs of the company in the various phases of our business (i.e. customer lists, methods of doing business, marketing strategies, long-term goals, proprietary product knowledge, etc.)."
The plaintiff has proved that the defendant has acquired knowledge of some of its manufacturing methods and of some of its proprietary products. The plaintiff manufactures coated paper which is used as a covering for book covers and as wrappings for boxes. The defendant learned how the plaintiff manufactured the particular kind of product it sold to each of its customers. The defendant came to know the product requirements of each customer and how the plaintiff satisfied those requirements. The defendant came to learn what raw materials the plaintiff used and from what source it obtained the materials for each of its product. He became familiar with the special machinery the plaintiff used in its production process.
The plaintiff has proved that the defendant has learned the details of its development of a water-based top coat. The plaintiff has recently developed a unique heat-resistant, water-based coating, whose quality is at least equal to that of the solvent-based coatings common in the industry. The water-based coating is preferable to the solvent-based coating because of economic savings in meeting environmental regulations, which affect the cost of producing solvent-based coatings but not water-based coatings.
The defendant has also proved that the defendant has learned about a particular coating machine, designed exclusively for the plaintiff. Unique to the industry, this machine is able to apply several necessary steps in the manufacture of coated paper in a single pass through the machine. Other producers are required to pass the product materials through their coating machines more than once to get the same end result which the plaintiff is able to get with a single pass.
The Court is satisfied that these procedures and techniques afford the plaintiff a temporary competitive advantage. The plaintiff reasonably desires to maintain the confidentiality of these developments and procedures as long as it can. The plaintiff reasonably believes that the details of these manufacturing processes are not generally known in the industry.
Notwithstanding all of that, the plaintiff has failed to prove that the drastic relief it seeks is reasonably necessary to protect the confidentiality of its unique products and processes. The plaintiff has utterly failed to protect itself from post-employment disclosure of its confidential information by other of its employees, who are far more knowledgeable of that information than the plaintiff. Almost none of the key employees of the plaintiff has executed a non-competition agreement. Singling out employees at relatively low levels of employment, such as that of the plaintiff, rather than those at the middle and upper levels, for post-employment non-competition agreements suggests that the purpose of those agreements is not so much to protect an employer's trade secrets and confidential business information but rather to exercise economic control over certain classes of employees.
Under all the circumstances, the Court concludes that the plaintiff is not likely to succeed on the merits of its claim in demonstrating that the non-competition agreement is reasonably necessary to protect its legitimate interests in preserving its trade secrets or its confidential business information. Furthermore, even if the non-competition agreement is enforceable as a matter of law, in balancing the equities, this Court is satisfied that far greater harm will befall this defendant, if preliminary relief is granted, than any harm the plaintiff has demonstrated will befall it, if he is allowed to continue his employment with its competitor.
Nonetheless, the Court finds that there is some threat that the defendant will be tempted to disclose such information to his new employer. He will, of course, therefore, be enjoined from such disclosure, pending hearing on the merits of the plaintiff's claims. Accordingly, the defendant will be preliminarily enjoined from disclosing or using any confidential information he acquired from his employment by the plaintiff, from communicating with any supplier to the plaintiff, who was not either during or before the defendant's employ by the plaintiff also a supplier to defendant's current employer, or from calling on or soliciting business from any customer of the plaintiff, who was not, either before or during the defendant's employment by the plaintiff, a customer of the defendant's current employer. The defendant will not be enjoined from being employed by a competitor of the plaintiff.
The parties will submit an appropriate form of Order for entry on notice to each other.